USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 5/8/2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LA DOLCE VITA FINE DINING COMPANY
LIMITED and LA DOLCE VITA FINE DINING
GROUP HOLDINGS LIMITED,

                      Petitioners,

    - against -

ZHANG LAN, GRAND LAN HOLDINGS GROUP
(BVI) LIMITED, QIAO JIANG LAN DEVELOPMENT
LIMITED f/k/a SOUTH BEAUTY DEVELOPMENT
LIMITED and METRO JOY INTERNATIONAL LLC,

                      Respondents.

Case No. 20-mc-00200

ORDER OF ATTACHMENT

      Petitioners having petitioned the Court (the "Petition") under New York CPLR § 7502(c) and applicable provisions of Article 62, as incorporated in Fed. R. Civ. P. 64, for an *ex parte* order of attachment as against respondents Zhang Lan ("Zhang"), Grand Lan Holdings Group (BVI) Limited ("Grand Lan Holdings"), Qiao Jiang Lan Development Limited f/k/a South Beauty Development Limited ("QJL Development," and together with Zhang and Grand Lan Holdings, the "Arbitral Respondents"), and Metro Joy International LLC ("Metro Joy," and together with the Arbitral Respondents, "Respondents") and in aid of two related arbitrations pending before the China International Economic and Trade Arbitration Commission ("CIETAC") in Beijing (the "Arbitrations"); and

      The property that Petitioners seek to attach consisting of a condominium apartment, purchased in Metro Joy's name in December 2014 and currently owned or controlled by Respondents, located at 20 West 53rd Street, Apartment 39A, New York, New York 10019 (the "Apartment"), together with any assets and possessions owned or controlled by Respondents within the Apartment, including but not limited to artwork, furniture, jewelry, lighting and

electronics, and whether the Apartment or its contents are today held in the name of Metro Joy, Zhang, Grand Lan Holdings, QJL Development, or any other entity or person controlled by Zhang; and

Petitioners having met the requirements for attachment under New York law – namely, (i) that Petitioners have a cause of action in the form of the Arbitrations, (ii) that Petitioners have a likelihood of success on the merits in the Arbitrations, having already been awarded damages as against Respondents in the Arbitrations in the combined amount of $142,463,666.28, plus interest (the "Arbitral Awards"), (iii) that without an attachment, the Arbitral Awards may be rendered ineffectual, and (iv) that Respondents have no pending counterclaims against Petitioners;

NOW, THEREFORE, it is hereby:

ORDERED that for the reasons set forth in the Petition, the accompanying memorandum of law, and the declaration dated April 28, 2020 of Petitioners' counsel, Steven B. Feigenbaum, and the exhibits thereto, the Petition is hereby granted; and it is further

ORDERED that the Apartment and any assets and possessions owned or controlled by Respondents within the Apartment, including but not limited to artwork, furniture, jewelry, lighting and electronics, are hereby frozen and secured and barred from being sold or transferred in any manner without further order of this Court; and it is further

ORDERED that upon Petitioners' application pursuant to Fed. R. Civ. P. 4.1, the Court hereby appoints Petitioners' counsel, Katsky Korins LLP, to act in place of the United States Marshal for the purpose of serving this Order on Respondents, since there is no garnishee of the Apartment and no known garnishee of the Apartment's contents being attached; and it is further

ORDERED that service upon Respondents of a copy of this Order, the Petition, the other papers on which this Order is based, and the papers in support of Petitioners' forthcoming motion to confirm this Order shall be effectuated by the following means, which shall be deemed sufficient under Fed. R. Civ. P. 4 and any applicable provisions of New York CPLR Article 62 and shall constitute effective service of process for all purposes:

(a) Upon Respondents Zhang, Grand Lan Holdings, and QJL Development, pursuant to Fed. R. Civ. P. 4(f)(3) and 4(h)(2), (i) by overnight courier to their New York counsel who has appeared on their behalf and continues to represent them in the ongoing, related attachment proceeding in this Court entitled *La Dolce Vita Fine Dining Company Limited et al. v. Zhang Lan et al.*, No. 19-mc-536 (ALC): Eric B. Fisher, Esq., Binder & Schwartz LLP, 366 Madison Avenue, Sixth Floor, New York, New York 10017, and (ii) by email to Mr. Fisher at efisher@binderschwartz.com.

(b) Upon Respondent Metro Joy, pursuant to Fed. R. Civ. P. 4(e) and 4(h)(1) and CPLR 311(b), (i) by serving the New York Secretary of State, as statutory agent of Metro Joy; (ii) by personal delivery to the address for Metro Joy listed on the New York State Department of State's website, i.e., Olympic Realty New York Inc., 200 West 90th Street, Apartment 2A, New York, New York 10024, and, if personal delivery is unsuccessful, overnight delivery to the same address; (iii) by overnight delivery to Dylan Chan Law Firm, 136-20 38th Ave., Suite 11C, Flushing, New York 11354, which is the current address for the attorney retained by Metro Joy to purchase the Apartment; and (iv) by email to Dylan Chan Law Firm at mail@dchanlaw.com; and it is further

ORDERED that pursuant to CPLR § 6211(b), Petitioners (i) shall move, within five days after they have filed one or more affidavits of service confirming service of this Order on all

Respondents, on notice to Respondents for an order confirming this Order of Attachment, with service of such papers to be effectuated in the same manner set forth above, and (ii) shall include with the confirmation motion all papers on which this Order is based; and it is further

ORDERED that pursuant to CPLR § 6212(b), Petitioners shall post a bond in the amount of $150,000 to serve as security; and it is further

ORDERED that upon being presented with this Order, either by Petitioners or this Court, the United States Marshal for the Southern District of New York shall levy upon the Apartment pursuant to New York CPLR § 6216 by filing with the Clerk of New York County a notice of attachment stating (i) the name and address of Petitioners' counsel (Steven B. Feigenbaum, Esq., Katsky Korins LLP, 605 Third Avenue, New York, NY 10158), (ii) the names of the parties to this proceeding, (iii) the amount of the Arbitral Awards issued in favor of Petitioners against Respondents ($142,463,666.28), (iv) the amount of the bond posted by Petitioners as set forth above, and (v) a description of the property to be levied upon (i.e., the Apartment and its relevant contents); and it is further

ORDERED that the Clerk of New York County shall record and index the foregoing notice of attachment in the same books, in the same manner and with the same effect as a notice of the pendency of an action; and it is further

ORDERED that within ten days after being served with this Order, Respondents shall provide Petitioners' counsel with a written inventory of all contents of the Apartment that are owned or controlled by any one or more Respondents; and it is further

ORDERED that the Petition, all of the papers on which it is based (consisting of the accompanying memorandum of law and the declaration dated April 28, 2020 of Petitioners' counsel, Steven B. Feigenbaum, and the exhibits thereto), and this Order of Attachment shall be kept under seal pursuant to Fed. R. Civ. P. 5.2(d) until such time as this Order has been served on Respondents, as demonstrated by Petitioner's filing of an affidavit of service. All papers that have by then been filed with the Court shall thereafter be made public by the Clerk of the Court without further order of this Court, and all future filings shall be by ECF.

SO ORDERED:

*/s/ Andrew L. Carter, Jr.*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2020