# KATSKY | KORINS LLP

MEMBERS OF THE FIRM

| | |
|---|---|
| ROBERT A. ABRAMS | THOMAS M. LOPEZ |
| RANDOLPH AMENGUAL | NEIL S. MILLER |
| SHIREEN ARANI | STEVEN H. NEWMAN |
| NICHOLAS G. ARONS | BARBARA LYNN PEDERSEN |
| MATTHEW DANOW | ANN RYAN |
| ELAN R. DOBBS | JEFFREY SNYDER |
| STEVEN B. FEIGENBAUM | MERYL LYNN UNGER |
| MATTHEW A. FEIGIN | MARCY L. WACHTEL |
| DAVID L. KATSKY | MARK WALFISH |
| ADRIENNE B. KOCH | ARIEL WEINSTOCK |
| EUGENE V. KOKOT | JOEL S. WEISS |
| ROY M. KORINS | ELIAS M. ZUCKERMAN |
| DENNIS C. KRIEGER | |

WRITER'S DIRECT DIAL | 212.716.3278
WRITER'S DIRECT FAX | 212.716.3336
WRITER'S EMAIL | sfeigenbaum@katskykorins.com
OUR REFERENCE |

July 1, 2020

By ECF and Email

Honorable Andrew L. Carter, Jr.
United States District Judge
United States Courthouse
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

Re:   *La Dolce Vita Fine Dining Co. Ltd., et al. v. Zhang Lan, et al.*, 20-mc-200 (ALC)

Dear Judge Carter:

As counsel to petitioners La Dolce Vita Fine Dining Company Limited and La Dolce Vita Fine Dining Group Holdings Limited, I write to address the two matters raised by the Court in its June 29, 2020 Order (ECF No. 35).

Service:  I enclose an affirmation and an affidavit of service that were e-filed on July 1 (ECF Nos. 37 and 38) as proof that my June 11, 2020 letter to the Court (ECF No. 33), its accompanying proposed order (ECF No. 34) confirming the Attachment Order, and the Court's June 29, 2020 Order were served on June 29 on respondent Metro Joy International LLC ("Metro Joy") and the arbitral Respondents (Zhang Lan, Grand Lan Holding Groups (BV) Limited and Qiao Jiang Lan Development Limited) in accordance with the methods of service set forth in the Attachment Order.  (*See* ECF No. 30 at pp. 3-4.)  The letter and proposed confirmation order were not served on Respondents before June 29 because under Fed. R. Civ. P. 5(a)(2), service of papers is not required on parties who, like Respondents, are in default for failing to appear.  But as stated in my June 11 letter, all Respondents have been on notice of this proceeding since the entry of the Attachment Order, and we expect that the arbitral Respondents' counsel, Eric B. Fisher, in the related attachment proceeding before the Court is monitoring, on their behalf, all ECF filings in this proceeding.  (We have copied Mr. Fisher and Dylan Chan, Metro Joy's counsel, on this letter.)

Honorable Andrew L. Carter, Jr.
July 1, 2020
Page 2

  <u>Bond</u>:  Petitioners included in their proposed confirmation order a provision for the return of the $150,000 bond for two principal reasons.  First, Respondents have chosen not to oppose Petitioners' motion to confirm the Attachment Order or even to appear in this proceeding, so there have been no legal fees, costs or damages incurred by Respondents for which the security served by the bond is still necessary.  Second, the arbitral awards that the order of attachment was obtained to help enforce are now subject only to an appeal based on a procedural objection that the court in a related enforcement proceeding in Hong Kong has deemed baseless, and that is in all events highly unlikely to succeed.  The possibility, then, that Petitioners will not ultimately obtain a final judgment – which will enable them to proceed with the turnover of the condominium covered by the attachment order – is exceedingly remote.

  Still, we acknowledge that little legal authority exists on the question of when a bond provided to secure an order of attachment or other provisional remedy may be discharged.  CPLR Article 25, which governs undertakings, does not address that question, and our research has uncovered no state or federal case law that does either.  Under these circumstances, we understand that the Court may prefer that the bond remain in place at least until there is a final judgment in the underlying arbitrations in Beijing.  If so, Petitioners do not object to removing from the proposed order the provision for the discharge of the bond and the return to Petitioners of the bond funds.  What is much more important to Petitioners is that the confirmation order, with or without a discharge of the bond, be entered as soon as possible to further ensure that the attached condominium not be transferred in violation of the Attachment Order.

  We thank the Court for its consideration.

                Respectfully,

                /s/ Steven B. Feigenbaum
                Steven B. Feigenbaum

cc: Eric B. Fisher (by email)
   Dylan Chan (by email)