UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  __7/13/2020____

LA DOLCE VITA FINE DINING COMPANY
LIMITED and LA DOLCE VITA FINE DINING
GROUP HOLDINGS LIMITED,

                                  Petitioners,

              - against -

ZHANG LAN, GRAND LAN HOLDINGS GROUP
(BVI) LIMITED, QIAO JIANG LAN DEVELOPMENT
LIMITED f/k/a SOUTH BEAUTY DEVELOPMENT
LIMITED and METRO JOY INTERNATIONAL LLC,

                                  Respondents.

Case No. 20 Misc. 200 (ALC)

ORDER GRANTING
PETITIONERS' MOTION TO
CONFIRM ORDER OF
ATTACHMENT

       WHEREAS, Petitioners petitioned the Court (ECF No. 15, the "Petition") under New York CPLR § 7502(c) and applicable provisions of Article 62, as incorporated in Fed. R. Civ. P. 64, for an *ex parte* order of attachment as against respondents Zhang Lan ("Zhang"), Grand Lan Holdings Group (BVI) Limited ("Grand Lan Holdings"), Qiao Jiang Lan Development Limited f/k/a South Beauty Development Limited ("QJL Development," and together with Zhang and Grand Lan Holdings, the "Arbitral Respondents"), and Metro Joy International LLC ("Metro Joy," and together with the Arbitral Respondents, "Respondents") and in aid of two related arbitrations pending before the China International Economic and Trade Arbitration Commission ("CIETAC") in Beijing (the "Arbitrations"); and

       WHEREAS, the property that Petitioners sought to attach consists of (i) a condominium apartment, purchased in Metro Joy's name in December 2014 and currently owned or controlled by one or more Respondents, located at 20 West 53rd Street, Apartment 39A, New York, New York 10019 (the "Apartment"), and (ii) any assets within the Apartment that are owned or

controlled by Respondents, including but not limited to artwork, furniture, jewelry, lighting and electronics; and

WHEREAS, Petitioners have met the requirements for attachment under New York law – namely, (i) that Petitioners have a cause of action in the form of the Arbitrations, (ii) that Petitioners have a likelihood of success on the merits in the Arbitrations, having already been awarded interim damages as against the Arbitral Respondents in the Arbitrations in the combined amount of $142,463,666.28, plus interest (the "Arbitral Awards"), (iii) that without an attachment, the Arbitral Awards may be rendered ineffectual, and (iv) that Respondents have no pending counterclaims against Petitioners; and

WHEREAS, by *ex parte* Order of Attachment entered on May 8, 2020 (ECF No. 30, the "Attachment Order"), the Court granted the Petition for the reasons set forth therein and in the accompanying memorandum of law (ECF No. 16) and the declaration dated April 28, 2020 of Petitioners' counsel, Steven B. Feigenbaum (ECF No. 19), thereby freezing and securing the Apartment and its contents and barring them from being sold or transferred without further order of the Court; and

WHEREAS, Petitioners have posted a $150,000 bond as security in accordance with the Attachment Order; and

WHEREAS, Petitioners served Respondents with the Attachment Order, the Petition, and all of the other papers on which the Attachment Order is based (the "Attachment Papers") in accordance with the methods for service set forth in the Attachment Order, completing such service by May 14, 2020 (*see* ECF Nos. 31-32 (Affidavits of Service)); and

WHEREAS, on May 19, 2020, and in accordance with the Attachment Order, Petitioners timely moved under CPLR § 6211(b), on notice to Respondents, for an order confirming the

2

Attachment Order by filing a notice of motion (ECF No. 5), a declaration dated May 19, 2020 of

Petitioners' counsel, Steven B. Feigenbaum (ECF No. 6), and a memorandum of law (ECF No.

7) (the "Confirmation Motion"); and

WHEREAS, Petitioners served the Confirmation Motion, which included the Attachment

Papers, on Respondents in accordance with the methods for service set forth in the Attachment

Order, and filed affidavits of service on May 21, 2020 (ECF Doc. Nos. 27-28); and

WHEREAS, pursuant to Local Civil Rule 6.1(b), and as set forth in Petitioners' notice of

motion, Respondents' opposition to the Confirmation Motion, if any, was due by June 4, 2020;

and

WHEREAS, Respondents, despite having received proper notice of this proceeding, have

had no counsel appear on their behalf and filed no opposition to the Confirmation Motion;

NOW, THEREFORE, it is hereby ordered as follows:

1.      For the reasons set forth in the Confirmation Motion, to which no opposition has

been filed, the Motion is hereby granted, and the Attachment Order is hereby confirmed.

2.      The Apartment and any assets therein that are owned or controlled by

Respondents, including but not limited to artwork, furniture, jewelry, lighting and electronics,

shall remain barred from being sold or transferred, by Respondents or anyone else, without

further order of this Court.

3.      This Court shall retain jurisdiction over this proceeding to allow Petitioners to

move for the turnover of the Apartment and its contents once they obtain a final judgment in

the Arbitrations that has been recognized by the Southern District of New York and can be

enforced in this Court.

SO ORDERED:

Dated:  July 13, 2020

Hon. Andrew L. Carter, Jr.
United States District Judge